## CHARPING v. CUNNINGHAM.

### No. 5814.

Court of Appeal of Louisiana.
Second Circuit.

March 8, 1939.

Jackson & Mayer, of Shreveport, for appellant.

Deutsch and Kerrigan, of New Orleans, and Jacques L. Wiener, of Shreveport, for appellee.

HAMITER, Judge.

A collision between a taxicab driven by plaintiff and a Packard sedan owned and operated by defendant occurred in the intersection of Elizabeth street and Margaret Place in the City of Shreveport, Louisiana, during the morning of December 5, 1937. Plaintiff seeks recovery in this suit for the injuries sustained by him and for the damages to the cab, which he is obligated to pay to its owner, and alleges that the accident was caused solely by the negligence of defendant.

A denial of the negligence charged and of his having proximately caused the mishap is made by defendant. Alternatively, he pleads that plaintiff was contributorily negligent, and, also, had the last clear chance to avoid the collision.

The judgment of the trial court rejected plaintiff's demands. He appealed.

Margaret Place is a street of the boulevard type, and extends east and west. It consists of two paved traffic lanes, each of which is 20 feet wide, that are separated by a 20-foot neutral ground. Intersecting that thoroughfare at right angles, and, of course, running north and south, is Elizabeth street. The latter is 30 feet wide in and north of the intersection.

Preceding the occurrence of the accident, plaintiff was driving in the north lane of Margaret Place toward the west and the Elizabeth street intersection. Defendant was proceeding east in the south lane and turned to his left or north as he came into the intersection.

The contention of plaintiff regarding the manner of the accident's happening, as is disclosed by his testimony and by his counsel's brief, is as follows:

"That he was proceeding in a westerly direction on Margaret Place at a speed of approximately twenty miles per hour; that as he arrived at about the east curb line of Elizabeth Street he observed the defendant automobile, which was proceeding east on the opposite side of the boulevard from him, beginning to make a left turn across the neutral ground. The defendant car, according to plaintiff's testimony, was proceeding at about fifteen to

twenty miles per hour. Having the right of way and thinking that the defendant would certainly allow him to proceed on his course undisturbed, the plaintiff continued on across the intersection making no attempt to speed up, slow down, or turn aside. When the front end of his car was somewhere in the vicinity of the center of Elizabeth street the left front wheel and fender and left front door was struck by the left front end of the defendant car."

Defendant's version, according to his testimony, is that he traveled east on Margaret Place at approximately 15 miles an hour and reduced his speed as he approached the intersection. There he turned left and brought his sedan to a complete stop on the neutral ground, with about 1 or 2 feet of it extending into the north traffic lane. When this stop was made the cab was approximately 50 or 60 feet east of the intersection, traveling near the neutral ground at about 35 miles an hour. It continued at this speed and struck the front of the sedan. His car was pulled about 3 feet north on Margaret Place.

Regarding plaintiff's version, his counsel state, "If the accident happened as the result of the defendant continuing his left turn across Margaret Place, there is no question but that the plaintiff is entitled to recover"; while concerning that of defendant, they say, "We are forced to concede that if the defendant car had entered this intersection, crossed the neutral ground and was brought to a stop at a time when the plaintiff was some 50 or 60 feet away from the intersection and that the plaintiff continued in his course striking the defendant car while it was stationary, then under such circumstances not only would plaintiff not be entitled to recover as prayed for but he himself would be guilty of gross negligence."

It is to be seen from the foregoing that the theories advanced are diametrically opposed to each other. Unfortunately, there were no eye witnesses to the accident other than the parties litigant. Plaintiff's testimony is corroborated in some respects by that of the bookkeeper for the cab company who visited the scene of the accident shortly after it occurred and made certain examinations.

The rejection of plaintiff's demands by the trial judge indicates that he favored the theory urged by defendant. After studious consideration of the case, with particular reference to the physical facts disclosed by the record, we are unable to say that he manifestly erred in his findings and conclusions.

Plaintiff and the aforementioned bookkeeper testified that the front portion of the left front fender of the cab was not damaged. Later, however, a photograph was produced by defense counsel, which admittedly showed the cab's condition immediately following the collision. This disclosed not only damage to the left running board and left rear fender, about which the witnesses testified, but also injury to the front and side of the left front fender.

Another photograph, found in the record, pictures the damaged condition of the sedan. Revealed in this is a bending and twisting toward the left of its extreme front end, including both fenders and both lights, the radiator and grill, the bumper and the license plate. This condition, together with the cab's described damage, argues strongly in favor of the contention that the sedan, while stopped, was struck initially on its right front fender, and its entire front was twisted and bent to the left by the left side of the cab as the latter's travelling continued. It appears that the front end of the sedan would have been bent directly backward, rather than sidewise, if it had struck the side of the cab as plaintiff states.

The front end of the sedan, following the impact, came to rest a few feet northwest of the point of collision. The cab proceeded toward the right and stopped alongside the north curb of the north traffic lane, its rear being near the northwest corner of the intersection. The right rear wheel was damaged as it came in contact with the curb. It seems to us that if the left front end of the sedan had moved against the left front portion of the cab, as plaintiff contends, the sedan would have travelled a much farther distance than it did, and the cab's course would have been more toward the right or north.

The short space traversed by the cab, after the collision, was no doubt due to the loss of speed resulting from its striking and becoming engaged with the front portion of the sedan; and the contacting of its right rear wheel with the north curb was evidently caused by a skidding of the cab's rear end as the driver sought to pursue a straight course on the street.

For the reasons above given, the judgment is affirmed.